## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| *In re*: | * | |
| | * | **Case No. 11-15126** |
| **TIMOTHY GORDEN** | * | |
| **JOSEPHINE GORDEN** | * | |
| | * | |
| **Debtors** | * | **CHAPTER 13** |
| | * | |
| | * | |
| **TIMOTHY GORDEN** | * | |
| **JOSEPHINE GORDEN** | * | |
| | * | |
| **Plaintiff** | * | Adv. Pro No. _____ |
| | * | |
| v. | * | |
| | * | |
| **CITIBANK, N.A.** | * | |
| | * | |
| **Defendant** | * | |
| | * | |
| -also serve- | * | |
| | * | |
| **NANCY SPENCER GRIGSBY** | * | |
| | * | |
| **Chapter 13 Trustee** | * | |

**COMPLAINT SEEKING DAMAGES IN CORE ADVERSARY PROCEEDING**

**Introduction**

1. This is an action for actual and punitive damages filed by the debtors pursuant to § 362 of the Bankruptcy Code.

**Jurisdiction and Venue**

2. Jurisdiction is conferred on this Court pursuant to the provisions of Section 1334 of Title 28 of the United Stated Code in that this proceeding arises in and is related to the above-captioned Chapter 7 case.

3. This Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code, Section 157(b)(2) of Title 28 of the United States Code.

4. This matter is primarily a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order. However, in the event this case is determined to be a non-core

proceeding then and in that event the Plaintiff consents to the entry of a final order by the Bankruptcy Judge.

    5.    Venue lies in this District pursuant to Section 1391(b) of Title 28 of the United States Code.

## Parties

    6.    The Plaintiffs in this case are debtors under Chapter 13 of Title 11 of the United States Code in case number 11-15126, which is presently pending before this court. The Plaintiffs are hereinafter referred to as the Plaintiffs or the debtors.

    7.    Defendant Citibank, N.A. ("Citibank") has its principal place of business located at 399 Park Ave New York, NY 10022

## Factual Allegations

    8.    The Chapter 13 case of the Plaintiff was commenced by the filing of a voluntary petition with the Clerk of this Court on March 14, 2011.

    9.    On Schedule F of the Bankruptcy petition, Plaintiffs listed various debts with Defendant Citibank.

    10.    On or about March 17 2011, the Clerk of this Court certified that it had caused a written notice of the filing, of the automatic stay, and of the 341 meeting of creditors to be mailed to all parties on the master mailing matrix by first class mail and that such notice was in fact received by Defendant.

    11.    The debtors allege upon information and belief that the notice mailed by the Court included the following warning to all creditors: "CREDITORS MAY NOT TAKE CERTAIN ACTIONS: In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor, the debtor's property, and certain co-debtors. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case."

    12.    The debtor avers that all of these documents were served on and actually received by Defendant.

    13.    The Chapter 13 Plan was confirmed by this Court on or about June 30, 2011.

    14.    On or about July 2, 2011, the Clerk of this Court certified that it had mailed the Order confirming Plaintiffs' Chapter 13 Plan to all parties on the master mailing matrix by first class mail and that such notice was in fact received by Defendant.

    15.    Beginning in July of 2011, Defendant began calling Plaintiff Josephine Gorden's place of employment, Howard University Hospital.

    16.    Defendant's representative would speak to Mrs. Gorden's co-worker and demand to speak to Mrs. Gorden.

17. Mrs. Gorden's co-worker informed Defendant's representative that Mrs. Gorden was not there as she worked the late night shift.

18. Defendant's representative did not accept this explanation and would subsequently call back **every 15 minutes**, harassing whoever answered the phone.

19. Mrs. Gorden's place of employment is a hospital and thus it is important that all lines of communication be clear in case of emergency.

20. Mrs. Gorden's co-workers were highly agitated by how Defendants actions were interfering with their job performance.

21. Eventually they had enough and informed Plaintiff that Defendant was calling her and that she had better take care of it.

22. Defendant's behavior in continuing to call Plaintiff's coworkers after they informed the former that Plaintiff did not work that shift was highly wanton and egregious.

23. Plaintiff had filed bankruptcy specifically to avoid these kinds of communications and for relief from their debts, as they are entitled to protection under the Bankruptcy Code.

24. Additionally, by harassing Plaintiff's co-worker, Defendant was invading Plaintiff's privacy and jeopardizing her employment.

## COUNT I. VIOLATION OF THE AUTOMATIC STAY

25. The allegations in paragraphs 9 through 24 of this complaint are re-alleged and incorporated herein by this reference.

26. The actions of the Defendant in causing the improper demands for payment to be sent to the debtor, constitute a gross violation of the automatic stay as set forth in 11 U.S.C. Section 362(a)(3).

27. 11 U.S.C. 362(k) states:
(1) …an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorney's fees, and, in appropriate circumstances, may recover punitive damages.

28. This Court held in *Bedford Town Condo. v. Wash. Gas Light Co.* (*In re Bedford Town Condo.*), 2010 Bankr. LEXIS 3355 (Bankr. D. Md. Sept. 20, 2010) required Plaintiff prove that
(1) debtor filed a petition;
(2) debtor is an individual under the automatic stay provision;
(3) creditor received notice of the petition;
(4) creditor's action were in willful violation of the automatic stay; and
(5) debtor suffered damages

29. Elements (1) and (2) are not at issue here as it is undisputed that Plaintiff is a debtor in a Bankruptcy case, and thus protected by the automatic stay.

30. As to Element (3), Plaintiffs allege that Defendant was on notice of their bankruptcy case; the Clerk of this Court certified the mailing of the bankruptcy notices to creditors, including Defendant.

31. No Notice of Returned Mail was filed by the Clerk of this Court.

32. As to element (4), the Court held in *Bedford* that "[w]hen a creditor acts intentionally with knowledge of a bankruptcy case, then the violation of the automatic stay is willful regardless of whether the creditor had specific intent to violate the stay." *Id*. at 15.

33. After Defendant Citibank received the notice from the Court; it then proceeded to intentionally attempt to collect this debt.

34. As to element (5), Plaintiff has suffered actual damages as a result of these illegal collection communications by Defendant in the form of anger, anxiety, emotional distress, frustration, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

35. Additionally, attorney's fees by Plaintiff incurred to handle these violations are to be considered part of the actual damages. *Bedford* at 16.

36. Defendant's contempt of the Automatic Stay has forced Plaintiff to expend his time and expense to engage counsel to enforce the rights guaranteed to him by the Bankruptcy Code.

37. Since the required elements for civil liability under 11 U.S.C. 362(k) have been fulfilled, the Defendants are liable to the Plaintiff for actual damages, punitive damages, and legal fees.

**WHEREFORE**, the Plaintiffs having set forth their claims for relief against the Defendant respectfully prays of the Court as follows:

A. That the Plaintiffs have and recover against the Defendant a sum to be determined by the Court in the form of actual damages;

B. That the Plaintiff have and recover against the Defendant a sum to be determined by the Court in the form of punitive damages;

C. That the Plaintiffs have and recover against the Defendant all reasonable legal fees and expenses incurred by her attorney;

D. That the Plaintiffs have such other and further relief as the Court may deem just and proper.

Respectfully submitted this 21st day of July, 2011

/s/ **Robinson S. Rowe**
Robinson S. Rowe, Bar No. #27752
5906 Hubbard Drive, Suite 4-A
Rockville, MD 20852
TEL: 301-770-4710 / FAX: 301-770-4711